IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 5:20-CR-4 |
| v. | § | JUDGE SCHROEDER |
| | § | |
| WILLIAM JOHNSON SPRINGER | § | |

## PLEA AGREEMENT

The defendant, **William Johnson Springer**, the defendant's attorney, **Jeffrey S. Harrelson**, and the United States Attorney for the Eastern District of Texas agree to the following, pursuant to Fed. R. Crim. P. 11(c)(1)(C):

1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; and

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), possession of child pornography. The defendant understands the nature and elements of the crime to which guilt is admitted and

agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

    3.    **SENTENCE**: The minimum and maximum penalties the Court can impose include:

    a.    imprisonment for a period not less than ten years and not to exceed twenty years;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of at least five years and as much as life, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

    d.    a mandatory special assessment of $100, which must be paid by cashier's check or money order to the United States District Clerk;

    e.    forfeiture of property involved in or traceable to the criminal offense;

    f.    an assessment of $5,000, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014(a);

    g.    an assessment, pursuant to the Amy, Vicky, and Andy Victim Assistance Act of 2018, 18 U.S.C. § 2259A, per count of no more than:
        i.    $17,000.00 if convicted of 18 U.S.C. § 2252A(a)(5);
        ii.    $35,000.00 if convicted of any other trafficking in child pornography offense as defined by 18 U.S.C. § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252A(a)(1) through (a)(4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of 18 U.S.C. §§ 2251(d), 2252A(a)(1) through (a)(5), or 22560(b)), or 2260(b);
        iii.    $50,000.00 if convicted of child pornography production, as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. §§ 2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least

      1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as that term is defined in 18 U.S.C. § 2256);

  h. restitution to victims or to the community; and

  i. costs of incarceration and supervision.

4. **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C):** The parties agree that the following stipulations yield the appropriate sentence in this case:

  a. The base offense level pursuant to U.S.S.G. § 2G2.2(a)(1) is eighteen.

  b. The two-level enhancement provided by U.S.S.G. § 2G2.2(b)(2) applies in this case because the material involved a prepubescent minor or a minor who had not attained the age of twelve years.

  c. The four-level enhancement provided by U.S.S.G. § 2G2.2(b)(4) applies in this case because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence or sexual abuse or exploitation of an infant or toddler.

  d. The two-level enhancement provided by U.S.S.G. § 2G2.2(b)(6) applies in this case because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material.

  e. The five-level enhancement provided by U.S.S.G. § 2G2.2(b)(7)(D) applies in this case because the offense involved more than six hundred images of child pornography.

  f. The Offense Level enhancements and reductions provided by U.S.S.G. §§ 3B1.1 and 3B1.2 do not apply in this case.

  g. A reduction of two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) applies; however, this stipulation is subject to recommendation of the United States Probation Office. If circumstances indicating that the defendant has not accepted responsibility become known after execution of this agreement, this stipulation is void and the defendant may object to the failure of the

      presentence report to recommend the reduction. The defendant shall not violate any other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities. Upon request, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding his ability to satisfy any fines or restitution to be imposed. If the defendant's adjusted offense level is sixteen or greater and the defendant has demonstrated acceptance of responsibility up to and through the time of sentencing, then the United States will move at the time of sentencing for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b).

    h.    The defendant shall be sentenced within the applicable sentencing range under the U.S. Sentencing Guidelines, which range will be determined by the Court at sentencing.

    i.    The defendant shall be sentenced to a life term of supervised release, as is recommended by the policy statement contained in U.S.S.G. § 5D1.2.

The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, the defendant will be given the opportunity to withdraw from the plea. The parties understand that the Court is bound only by the stipulations made pursuant to Rule 11(c)(1)(C). The parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment.

    7.    **ACCEPTANCE OF RESPONSIBILITY:** The defendant understands that by accepting responsibility and giving truthful and complete information concerning his participation in the offense of conviction he may be entitled to a reduction in his offense level under section 3E1.1 of the Sentencing Guidelines. The defendant shall not violate any

**Plea Agreement — Page 4**

other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities. Upon request, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding his ability to satisfy any fines or restitution to be imposed.

8. **Restitution**: The defendant understands that restitution may be ordered by the Court, including as set forth in 18 U.S.C. § 2259. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

9. **Forfeiture**: The defendant agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title, and interest to the following property which is subject to forfeiture pursuant to 18 U.S.C. §§ 2253(a)(1) and (a)(3): the Motorola model XT1609 cellular phone with IMEI number 354142074146558.

The defendant agrees that the property described above is subject to forfeiture to the government pursuant to the aforementioned statute because the property was used or intended for use to facilitate the offense described in the Indictment. The defendant agrees to fully assist the government in the forfeiture of the listed property and to take whatever

steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above described property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any claim or defense under the Eighth Amendment to the Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture. The defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

      The defendant and defendant's attorney also understand that the government may file motions for preliminary and final orders of forfeiture regarding the property described herein. The defendant and defendant's attorney agree that the government may file these

motions unopposed and may state in the certificates of conference for these motions that the defendant has no objection to the relief sought without having to further contact the defendant or defendant's attorney.

10. **Registration Requirement**: The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, 34 U.S.C. § 20911, et seq., the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration requires that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or student. The defendant understands that the defendant must update the registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

11. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional nontax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

12. **VIOLATION OF AGREEMENT**: The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

13. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

14. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

15. **WAIVER OF RIGHT TO RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

16. **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

17. **LIMITATIONS ON THIS AGREEMENT**: This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

18. **ENTIRETY OF AGREEMENT**: This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum. The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

STEPHEN J. COX
United States Attorney

___31-Aug-20___  _____
Date              JONATHAN R. HORNOK
                  Assistant United States Attorney

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

___8/26/2020___  _____
Date              WILLIAM JOHNSON SPRINGER
                  Defendant

I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

___8-26-20___    _____
Date              JEFFREY S. HARRELSON
                  Attorney for Defendant