IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | NO. 5:20-CR-4 |
| | § | JUDGE SCHROEDER |
| v. | § | |
| | § | |
| WILLIAM JOHNSON SPRINGER | § | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America respectfully requests—as described further below—that this Court accept the plea agreement and sentence Mr. Springer to 120 months' incarceration to be followed by a life term of supervised release. The parties have agreed that this guideline sentence is appropriate. Additionally, a life term of supervised release—which is recommended by the sentencing guidelines, U.S.S.G. § 5D1.2—is necessary in this case because Mr. Springer committed this offense a short time after his term of supervised release ended for his last child pornography conviction.

Respectfully submitted,

NICHOLAS J. GANJEI
Acting United States Attorney

*/s/ Jonathan R. Hornok*
JONATHAN R. HORNOK
Assistant United States Attorney
Utah State Bar No. 15166
500 North Stateline Avenue, Suite 402
Texarkana, Texas 75501
(903) 794-9481

## MEMORANDUM

The parties in this case have agreed that a guideline sentence of 120 months with a life term of supervised release is the appropriate sentence in this case. One of the primary factors driving that agreement—and indeed the minimum sentence provided by statute—is Mr. Springer's previous child pornography conviction, for which he was sentenced to sixty-seven months in prison with five years of supervised release to follow. Mr. Springer's term of supervised release in that case ended in August 2018. By September 2019, Mr. Springer had already downloaded hundreds of images of child pornography. Among the files he downloaded were videos with vile name like "! 1yo best cunt fing lick.mpg" and "(Pthc 2013 Ptxx Opva) 10Yo Girl Bed Molested.wmv." The videos on Mr. Springer's cell phone depicted the rape of an infant, the bondage and rape of a young girl, and the rape of another girl who was crying, "I don't want to do this."

Mr. Springer's repeated conduct is disturbing. And research suggests that he is a continued danger to the children in our society. To begin, research has confirmed that "most [child pornography offenders] are motivated by a pre-existing sexual interest in minors." Michael L. Bourke & Andres E. Hernandez, *The 'Butner Study' Redux: A Report of the Incidence of Hands-on Child Victimization by Child Pornography Offenders*, 24 J. FAM. VIOL. 183, 185 (2009) (attached as Exhibit 1). And once this interest is established, it motivates the

"vast majority of child molesters." *Id.* The common motivation between child pornography offenders and child molesters is confirmed by research that has found that "the comorbidity of contact sexual criminality is significant." *Id.*

In *The 'Butner Study' Redux*, the authors studied a group of 155 convicted sex offenders. *Id.* They began by tallying the total number of victims known at the time of sentencing for these offenders by reviewing their presentence investigation reports. *Id.* at 186. After providing treatment, the authors asked the participants to undergo polygraph examination in which they listed their sexual victims. *Id.* The authors found that at the time of sentencing 74% of the participants had no documented hands-on victims but after treatment, 85% of participants admitted that they had committed at least one hands-on sexual offense. *Id.* at 187. Where there were only 75 known hands-on victims at the time of sentencing, after treatment the participants admitted to abusing 1777 victims. *Id.* Simply put, at the time of sentencing there was an enormous amount of unknown, hands-on sexual abuse that had been committed by these child pornography offenders.

While Mr. Springer has no known hands-on victims, this research suggests that the sexual interest in children that Mr. Springer has demonstrated through repeated child pornography offenses could lead—or already has led—to hands-on sexual abuse of children.

Next, research has shown that Mr. Springer's demonstrated sexual interest in children requires extensive behavioral treatment, which—coupled with close legal supervision—may reduce his risk of recidivism. RYAN C.W. HALL & RICHARD C.W. HALL, *A Profile of Pedophilia: Definition, Characteristics of Offenders, Recidivism, Treatment Outcomes, and forensic Issue*, 82 MAYO CLINIC PROC. 457, 469 (2007) (attached as Exhibit 2). But these interventions will not change his basic sexual orientation toward children. *Id.* at 465, 469. And as Mr. Springer has already demonstrated by his recidivism, he is resistant to the corrective effects of behavioral treatment.

Simply put, in light of this research and the 18 U.S.C. § 3553(a) factors—specifically the need to reflect the history and characteristics of the defendant, his need for correctional treatment, and the need to protect the public from future crimes of the defendant—necessitate a guideline sentence of 120 months. This research also supports the necessity of a life-term of supervised release, as is expressly recommended by the guidelines and agreed upon by the parties. U.S.S.G. § 5D1.2 (Policy Statement).

Accordingly, this Court should accept the plea agreement and sentence Mr. Springer to 120 months of incarceration. And it should sentence him to a life term of supervised release.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record have been served electronically

by the CM/ECF system or have been served by email.

<u>/s/ Jonathan R. Hornok  </u>
JONATHAN R. HORNOK